**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF ARKANSAS**
**PINE BLUFF DIVISION**

**ROBERT L. SHAW**                                                                              **PETITIONER**
**ADC #112073**

VS.                          CASE NO.: 5:10CV00146 BD

**RAY HOBBS, Director,**                                                                       **RESPONDENT**
**Arkansas Department of Correction**

### MEMORANDUM OPINION AND ORDER

Petitioner Robert Shaw filed this pro se petition for writ of habeas corpus (docket entry #2) under 28 U.S.C. § 2254, challenging his guilty plea in the Circuit Court of Crittenden County, Arkansas. Respondent filed a response (#8) to the petition, and Petitioner replied. (#11) For the following reasons, the petition is DENIED and DISMISSED, with prejudice.

**I.     Background**

On June 15, 2009, Petitioner pled guilty in Crittenden County Circuit Court to first-degree child endangerment. (#8, Ex. A, B, and C) As a result of the conviction, the court sentenced Petitioner to six years' imprisonment in the Arkansas Department of Correction.

Petitioner had previous felony convictions in 1997 for kidnaping and aggravated robbery with a firearm. (#8, Ex. D) He negotiated a plea of guilty and received a 300-month sentence, with 180 months suspended, for the 1997 convictions. (#8, Ex. D)

Petitioner was either on probation or parole for the 1997 convictions at the time he endangered the welfare of his minor daughter.  As part of the endangerment plea agreement, the Crittenden County Circuit Court dismissed Petitioner's revocation proceeding.  (#8, Ex. B, p. 9; and Ex. H)

Because Petitioner entered a guilty plea, he could not directly appeal his endangerment conviction.  See Rule 1(a) of the Arkansas Rules of Appellate Procedure-Criminal.  On August 13, 2009, however, he filed a timely Rule 37 petition for post-conviction relief in the Crittenden County Circuit Court.  (#8, Ex. E)  The trial court denied the petition on August 27, 2009.  (#8, Ex. F)  Petitioner appealed, and the Arkansas Supreme Court affirmed the denial on March 4, 2010.  *Shaw v. State*, 2010 Ark. 112, 2010 WL 745874 (2010).

On May 12, 2010, Petitioner filed this § 2254 petition for writ of habeas corpus claiming that: (1) his counsel induced him into entering an involuntary, unintelligent guilty plea; (2) his counsel coerced him into entering a guilty plea; (3) his counsel provided constitutionally inadequate assistance; and (4) he is actually innocent of the crime to which he pled guilty.  (#2, p. 5-10)

In response to the petition (#8), Respondent argues that Petitioner's claims are procedurally defaulted and lack merit.  Petitioner replied (#11) to the response by reiterating the grounds for relief raised in his petition.

II. **Discussion**

    A. *Procedural Default*

Before seeking federal habeas review, a state prisoner must first fairly present the substance of each claim to each appropriate state court, thereby alerting those courts to the federal nature of his claims and giving them an opportunity to pass upon and correct any constitutional error. *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347 (2004); see also, 28 U.S.C. § 2254(b) and (c). "[A] federal habeas petitioner's claims must rely on the same factual and legal bases relied on in state court." *Interiano v. Dormire*, 471 F.3d 854, 856 (8th Cir. 2006) (citations omitted).

Claims raised in a federal habeas petition that were not fairly presented in state court proceedings and for which there is no remaining state court remedy are defaulted, and a habeas petitioner's default will be excused only if he can "demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v. Thompson*, 501 U.S. 722, 750, 111 S.Ct. 2546, 2565 (1991).

Petitioner's habeas claims here are different from the claims he raised in his state Rule 37 petition. (#2, p. 5-10)  In his state petition, he did contend, among other claims,

that his counsel had coerced him into entering a guilty plea and had provided constitutionally inadequate assistance. (#8, Ex. E, p. 6-9)[1]

Petitioner's involuntary plea and counsel coercion claims are, arguably, related. The factual basis offered in support of these claims – both in support of the Rule 37 petition and the current habeas petition – is limited. See docket entry #2, p. 5-10, and #8, Ex. E, p. 6-9. The factual support is so sparse, in fact, that the Arkansas Supreme Court found that Petitioner had failed to provide sufficient facts to state a claim for relief in his Rule 37 petition. *Shaw v. State*, 2010 Ark. 112, 2010 WL 745874 (2010).

    1.    The Rule 37 Petition

In his Rule 37 petition, Petitioner claimed "actual or constructive denial of counsel." (#8, Ex. E, p. 8) This is the only ground for relief Petitioner raised in the Rule 37 petition that could relate to the claims raised in the federal habeas petition. Compare docket entry #8, Ex. E, p. 6-9, with #2, p. 5-10. In support of this claim, Petitioner alleged his trial counsel failed "to argue during plea negotiation the mitigating facts and factors." (#8, Ex. E, p. 8) Petitioner did not state what these mitigating facts or factors were or how presenting them would have affected plea negotiations.

---

[1] Petitioner raised three grounds for relief in his Rule 37 petition: (1) actual or constructive denial of counsel, (2) prosecutorial misconduct, and (3) denial of Due Process. (#8, Ex. E, p. 6-9) In the first ground for relief, Petitioner claimed his counsel coerced him into entering a guilty plea. The prosecutorial misconduct and Due Process claims were not raised in the present proceeding and are not relevant to this discussion.

Petitioner accused his trial counsel of failing to seek a bifurcated trial and failing to file a motion to suppress or motion *in limine*. (#8, Ex. E, p. 8)  Petitioner entered a guilty plea prior to trial.  He did not explain why he needed a bifurcated trial or how failure to seek one prejudiced him.  Petitioner also failed to state the legal basis or factual support for a motion to suppress or motion *in limine*.  If there was no meritorious basis for filing these motions, then failure to file them would have had no effect on Petitioner's representation.

Petitioner alleged that his counsel had refused to allow him to "put up a defense while himself coercing the plea" (#8, Ex. E, p. 8) and also alleged that his lawyer failed to discover facts, witnesses, or physical evidence to support an affirmative defense. (#8, Ex. E, p. 6-7)  He failed to describe, however, any actions taken by his lawyer that were coercive.  Petitioner also failed to describe the facts, witnesses, or physical evidence that his counsel should have discovered, or to identify any affirmative defense that could have been raised.

"The onus rests on [Petitioner] to present the substance of his federal claims 'in each appropriate state court.'"  *Turnage v. Fabian*, 606 F.3d 933, 936 (8th Cir. 2010) (citations omitted).  Instead of offering facts to support his Rule 37 claims, Petitioner made conclusory allegations of ineffective assistance of counsel.  Even if Petitioner had provided the broad contours of a federal claim, reciting only the facts necessary to state a claim for relief is not sufficient to fairly present the substance of the claim, *id*. (citations

omitted); neither is making a general appeal to a broad constitutional guarantee. *Id*. (citations omitted).

Petitioner's failure to set out any facts to support his claims deprived the state court of the opportunity to address the merits of the federal claims. Accordingly, Petitioner failed to properly exhaust his state court remedies. Failure to properly exhaust a ground for relief results in procedural default, which generally precludes federal habeas review of the defaulted claim. *Woodford v. Ngo*, 548 U.S. 81, 92, 126 S.Ct. 2378, 2387 (2006). Consequently, Petitioner's claims are procedurally defaulted unless he can establish "cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

    2.    *Cause and Prejudice*

Petitioner notes that he filed a timely Rule 37 petition with the trial court and duly appealed the denial of his petition. (#11) He also notes that he timely requested an extension of time to file his appellate brief. (#11) These arguments address the timeliness of the Rule 37 petition, but not its substance. None of Petitioner's arguments constitute cause.

Cause is established when "some objective factor external to the defense impede[s] counsel's efforts to comply with the State's procedural rule." *Murray v. Carrier*, 477 U.S. 478, 488, 106 S.Ct. 2639 (1986). In proceedings where the Sixth Amendment

6

requires that a criminal defendant have a lawyer, ineffective assistance of counsel can be cause for a procedural default. *Murray*, 477 U.S. at 488. A defendant is not entitled to assistance of counsel, however, in state post-conviction, *i.e.*, Rule 37, proceedings. See *Coleman*, 501 U.S. at 752.

In this case, Petitioner defaulted his claims during the post-conviction proceedings by failing to offer supporting facts. As a result, ineffective assistance of counsel cannot constitute cause for Petitioner's procedural default. See *Armstrong*, 418 F.3d at 927 (citing *Nolan v. Armantrout*, 973 F.2d 615, 617 (8th Cir. 1992)).

       3.    *Miscarriage of Justice*

Petitioner may overcome procedural default by showing that failure to hear his petition would result in a miscarriage of justice. To establish a miscarriage of justice, a petitioner must show, based on new evidence, that a constitutional violation has resulted in the conviction of someone who is actually innocent. *Cagel v. Norris*, 474 F.3d 1090, 1099 (8th Cir. 2007) (quoting *Schlup v. Delo*, 513 U.S. 298, 316, 115 S.Ct. 851 (1995)).

Petitioner entered a guilty plea to child endangerment. Although he claims he is actually innocent, he has not come forward with any evidence to support this assertion. Accordingly, Petitioner has failed to overcome his procedural default.

    B.    *Factual Development of Claims*

Federal habeas review is generally precluded when a petitioner fails to develop the factual basis of the claims in the state court proceedings. *Ervin v. Delo*, 194 F.3d 908,

915 (8th Cir. 1999). Under 28 U.S.C. § 2254(e)(2), "a habeas petitioner must develop the factual basis of his claim in the state court proceedings rather than in a federal evidentiary hearing unless he shows that his claim relies upon a new, retroactive law, or due diligence could not have previously discovered the facts." *Mark v. Ault*, 498 F.3d 775, 788 (8th Cir. 2007) (quoting *Cox v. Burger*, 398 F.3d 1025, 1030 (8th Cir. 2005)). In addition, the facts underlying the claim must be sufficient to establish, by clear and convincing evidence, that but for the constitutional error, no reasonable fact-finder would have found the petitioner guilty of the underlying offense. See 28 U.S.C. § 2254(e)(2)(B).

Petitioner has not identified a new, retroactive law applicable to this case; nor has he presented evidence discovered after he filed his Rule 37 petition. He has not presented evidence or argument that would allow this Court to hold an evidentiary hearing. He cannot develop the factual basis now for claims that he failed to develop in the state court proceedings.

### III. Certificate of Appealability

When entering a final order adverse to Petitioner, the Court must issue or deny a certificate of appealability. See Rule 11 of the Rules Governing Section 2254 Cases in the United States District Court. The Court can issue a certificate of appealability only if a petitioner has made a substantial showing that he has been denied a constitutional right. 28 U.S.C. § 2253(c)(1)-(2). In this case, Petitioner has not provided a basis that would

permit this Court to issue a certificate of appealability.  Accordingly, a certificate of appealability is denied.

IV.     **Conclusion**

Petitioner did not properly exhaust any of the claims for relief presented in the pending habeas corpus petition.  He has not provided a basis for this Court to hold an evidentiary hearing to allow the him to develop facts to support his claims.

Accordingly, Petitioner Robert Shaw's petition for writ of habeas corpus is DISMISSED with prejudice, this 9th day of November, 2010.

_____
UNITED STATES MAGISTRATE JUDGE